**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |  |
|---|---|---|---|
| BFI WASTE SYSTEMS OF NORTH AMERICA, LLC, | ) ) ) ) | | |
| Plaintiff, | ) ) ) | Case No. | 4:09-CV-01379 HEA |
| vs. | ) ) ) | | |
| SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., et al., | ) ) ) | | |
| Defendants. | ) ) | | |

**PLAINTIFF BFI WASTE SYSTEMS OF NORTH AMERICA, LLC'S MOTION FOR RECONSIDERATION AND LEAVE TO AMEND**

Plaintiff BFI Waste Systems of North America, LLC ("BFI") hereby moves the Court to reconsider its ruling dismissing Counts I and II of its Complaint against Shaw Environmental & Infrastructure, Inc. ("Shaw E&I") and for leave to amend the allegations in its Complaint. In support of its motion, BFI states the following:

1. BFI has filed a Memorandum in Support of this Motion, which is incorporated by reference herein.

2. BFI filed its Complaint against Shaw E&I, Shaw Liquid Solutions LLC, Liquid Solutions LLC, MoPass V, LLC and Biomass Development, Inc. on August 31, 2009. The Complaint contained the following claims: Count I (CERCLA), Count II (Negligence), Count III (Breach of Contract--Purchase Agreement), Count IV (Breach of Contract--Site Lease), Count V (Indemnification) and Count VI (Breach of Contract--Guaranty).

3.      Shaw Liquid Solutions moved to dismiss Counts I and II of the Complaint. Shaw E&I moved to dismissed Counts I, II, III, IV and V.

4.      Shaw Liquid Solutions filed a Memorandum in Support in which it argued that the CERCLA claim should be dismissed because landfill gas is not a hazardous substance and the negligence claim should be dismissed because BFI had not set forth sufficient facts to show that Shaw LS or the other defendants had acted negligently.

5.      Shaw E&I filed a separate Memorandum in Support. In its Memorandum, it incorporated by reference Shaw LS's arguments in favor of dismissing Counts I and II. It also urged the Court to dismiss Counts III, IV, and V against it because the allegations in the Complaint did not support alter ego liability and because its subsidiary, Liquid Solutions, allegedly did not breach any of its agreements with BFI.

6.      On July 23, 2010, the Court issued its opinion on Shaw Liquid Solutions' Motion to Dismiss. The Court denied the Motion as to Count I and granted it as to Count II.

7.      On July 30, 2010 the Court issued its opinion on Shaw E&I's Motion to Dismiss. The Court explained that the allegations in the Complaint were not sufficient to show that BFI's veil piercing theory was plausible. Although Shaw E&I had only asked for dismissal of Counts III, IV and V on that basis, the Court dismissed all five counts against Shaw E&I and gave BFI 14 days to move to amend its Complaint.

8.      Under Fed. R. Civ. P. 54(b) and its inherent powers, a district court may modify an order at any time before final judgment is entered. A court should grant a motion for reconsideration where there has been a manifest error of fact or law.

9.      Although it is not clear to BFI whether the Court did so intentionally or inadvertently, the Court erred by dismissing Counts I and II against Shaw E&I. As Shaw E&I

itself recognized, BFI's CERCLA and negligence claims against Shaw E&I were not premised on alter ego or veil piercing liability. Under well established precedent, BFI stated sufficient facts to show that Shaw E&I may be directly liable as an operator under CERCLA and under Missouri law for negligently operating the landfill and its gas collection system.

10. Although BFI believes that the allegations in its Complaint were sufficient to support claims against Shaw E&I for CERCLA cost recovery and negligence, it nonetheless seeks leave to amend those claims and other allegations in the Complaint.

11. Under Fed. R. Civ. P. 15, leave to amend will be freely granted when justice so requires.

12. BFI has not previously requested leave to amend in this case. Its amendment will not significantly delay this case and is offered in good faith. The amendment corrects the deficiencies that the Court identified in the Complaint and will not be futile.

13. Leave to amend is particularly appropriate here because after BFI filed its Complaint, Liquid Solutions filed for bankruptcy and the bankruptcy filings contain new evidence that Liquid Solutions is in fact the alter ego of Shaw E&I. Since BFI commenced this action, there were also additional pleadings filed in the state court action involving Liquid Solutions and Shaw LS that further demonstrate that Shaw E&I, directly and through Shaw LS, dominated and controlled Liquid Solutions.

14. A copy of the proposed First Amended Complaint is attached hereto as Exhibit 1.

WHEREFORE, BFI prays that the Court reinstate Counts I and II against Shaw E&I and grant it leave to amend its Complaint.

DATED: August 13, 2010

Respectfully submitted,

**LATHROP & GAGE LLP**

By: /s/ Andrew L. Schulkin
William G. Beck, *Pro Hac Vice*
Andrew L. Schulkin, *Pro Hac Vice*
2345 Grand Blvd., Suite 2200
Kansas City, Missouri 64108
816.292.2000 (Telephone)
816.292.2001 (Fax)
bbeck@lathropgage.com (e-mail)
aschulkin@lathropgage.com (e-mail)

Scott J. Dickenson, #497949
10 South Broadway, Suite 1300
St. Louis, Missouri 63102
314.613.2500 (Telephone)
314.613-2550 (Fax)
sdickenson@lathropgage.com (e-mail)

Attorneys for Plaintiff BFI Waste Systems of North America, LLC

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing was served the Court's CM/ECF electronic filing system on August 13, 2010 upon the following counsel.

Lawrence C. Friedman
Jeffrey R. Fink
THOMPSON COBURN LLP
One U.S. Bank Plaza, Suite 2600
St. Louis, Missouri 63101

Kevin A. Sullivan
SAUTER SULLIVAN, LLC
3415 Hampton Avenue
St. Louis, Missouri 63139

             /s/ Andrew L. Schulkin